FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 29 2015

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ALI S. MUHAMMAD,

                Plaintiff,

vs.

JP MORGAN CHASE BANK, USA;
WARGO FRENCH, LLP; RUBIN
LUBLIN, LLC; SELECT PORTFOLIO
SERVICING, INC.; AND DEUTSCHE
BANK NATIONAL TRUST COMPANY
AS TRUSTEE, IN TRUST FOR THE
REGISTERED HOLDERS OF LONG
BEACH MORTGAGE LOAN TRUST
2005-WL 3 ASSET-BACKED
CERTIFICATES SERIES 2005-WL 3,

                Defendants.

CASE NO.

**1:15-CV-4479**

JURY TRIAL
DEMANDED

## COMPLAINT FOR CIVIL PENALTIES, QUIET TITLE, INJUNCTIVE AND OTHER RELIEF

COMES NOW ALI S. MUHAMMAD, and sues Defendants JP MORGAN

CHASE BANK, USA; WARGO FRENCH, LLP; RUBIN LUBLIN, LLC;

SELECT PORTFOLIO SERVICING, INC. and DEUTSCHE BANK NATIONAL

TRUST COMPANY AS TRUSTEE, IN TRUST FOR THE REGISTERED

HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL 3 ASSET-BACKED CERTIFICATES 2005-WL 3, and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1. This is an action arising under Sections 5(a), 5(m)(l)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(l)(A), 53(b), and 56(a), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, to obtain monetary civil penalties, a permanent injunction, restitution, disgorgement, and other equitable relief for violations of the FDCPA and Section 5 of the FTC Act-by JP Morgan Chase Bank USA; Wargo French, LLP; Rubin Lublin, LLC; Select Portfolio Servicing, Inc. and Deutsche Bank National Trust Company, As Trustee, In Trust, For The Registered Holders of Long Beach Mortgage Trust 2005-WL 3 Asset-Backed Certificates Series 2005-WL 3 (hereinafter referred to as "Deutsche Bank National Trust Company").

2. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. Section 45(m)(l)(A), 53(b), 57b, and 1692 . This action arises under 15 U.S.C. § 45(a) (1) and 15 U.S.C. § 1692. This Court has pendent jurisdiction pursuant to the Quiet Title Act of 1966 over the request to Quiet Title to certain real property.

3. Venue is proper in the United States District Court for the Northern District of Georgia under 28 U.S .C. §§ 139l (b)-(c) and 1395(a) and 15 U.S.C. § 53(b).

## PARTIES

4. Plaintiff is a natural person over the age of eighteen (18) years, a resident of this District in Fulton County, Georgia and is otherwise *sui juris*.

5. Defendant JP Morgan Chase Bank USA is a foreign corporation engaged in business within the District and subject to the jurisdiction of this court.

6. Defendant Wargo & French, LLP is a Georgia limited liability Partnership engaged in the practice of law and doing business within

3

this District and subject to the jurisdiction of this court.

   7. Defendant Select Portfolio Servicing, Inc. is a mortgage servicing company engaged in the business of the servicing of mortgage loans within the District and subject to the jurisdiction of this Court.

   8. Defendant Deutsche Bank National Trust Company is a foreign securitized Trust operating within the District and subject to the jurisdiction of this court.

   9. Wargo French, LLP, Rubin Lublin, LLC and Select Portfolio Servicing, are "debt collectors" as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## DEFINITIONS

   10. The term "consumer," as used in this Complaint mean any natural person obligated or allegedly obligated to pay any debt, as "debt" is defined in Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4

11. The term "location information," as used in this
Complaint means a consumer's place of abode and the consumer's
telephone number at such place, or the consumer's place of employment,
as defined in Section 803(7) of the FDCPA, 15 U.S.C. § 1692a(7).

## COMMERCE

12. At all times material to this Complaint, Defendants have
maintained a substantial course of trade in or affecting commerce, as
"commerce" is defined in Section 4 of the FTC Act, 15 USC Section 44.

## DEFENDANTS' BUSINESS PRACTICES—FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

13. From their offices in the United States, Defendants  JP
Morgan Chase Bank USA.; Wargo French, LLP; Rubin Lublin, LLC;
Select Portfolio Servicing, Inc, and Deutsche Bank National Trust
Company  (collectively "Defendants") engage in consumer debt collection
activities throughout the United States by means of using Notices of Sale
Under Power to collect debt through the threat of conducting non-judicial
foreclosure sales of their property even though they lack legal standing to
collect said debts through non-judicial foreclosure proceedings,

5

14. Defendants regularly attempt to collect debts by contacting consumers by telephone, U.S. mail, and other instrumentalities in the course of interstate commerce.

15. On or about September 20, 2012 Plaintiff and Defendant JP Morgan Chase Bank, USA entered into a confidential agreement. The intent of the agreements was that Plaintiff would transfer ownership and control of certain real properties, and the Defendant would exercise dominion and control over said properties and act was owner, maintaining, paying real property taxes, insuring the properties. Notwithstanding this agreement, Defendant JP Morgan Chase Bank, USA has consistently violated and breached its agreement with Plaintiff causing injury and damages to Plaintiff. As evidence of said breach, Plaintiff has received numerous notices and letters from political taxing authorities of Clayton, County Georgia. Attached are copies of letter notices from said county as Plaintiff's composite Exhibit "A".

16. As part of the aforementioned agreement, one of The properties Defendant was to be responsible for was a single

6

family home at 1560 Ravens Run, Jonesboro, Georgia 30236.

Plaintiff has not effectively owned or controlled the subject property

since September 12, 2012.

17. Plaintiff is repeatedly requested to maintain said

property, pay past due property taxes, and other costs of upkeep, but

Defendant JP Morgan Chase Bank, USA refuses to do so.

18.Plaintiff has incurred expenses in excess of Five

Thousand Dollars ($5,000.00) in addressing these issues to get

Defendant to exercise its responsibilities but Defendants refuses to

do so.

## COUNT I—BREACH OF CONTRACT

19.Plaintiff re-alleges the allegations contained in

paragraphs 1-18 and incorporates same by reference into this Count.

20.Defendant JP Morgan Chase Bank owed an

affirmative duty to Plaintiff to operate as owner of the subject

property and to do the things required of owners or real property by

law, including maintaining the property, doing necessary repairs on

the property and paying real estate taxes.

21. Defendant JP Morgan Chase Bank, USA has breached its duty to Plaintiff as set forth above.

22. Defendant JP Morgan Chase Bank, USA's conduct constitutes willful misconduct, fraud, wantonness, oppression and that entire want of care entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff prays that this Honorable court award compensatory, consequential and punitive damages to Plaintiff and against Defendant, plus interest, court costs and a reasonable attorneys' fee and for such other and further relief as the Court deems equitable, appropriate and just.

## COUNT II- DECLARATORY RELIEF

23. Plaintiff re-alleges the allegations contained in paragraphs 1-22 and incorporates same by reference into this count.

24. This count is an action for declaratory relief which is brought pursuant to O.C.G.A. Section 9-4-2and Section 9-11-118 to declare that Defendant JP Morgan Chase Bank, USA is in breach of its contract with Plaintiff.

25. The courts have the power, upon appropriate

8

pleadings, to declare rights and other legal relations of any

interested party petitioning for such declaration, whether or not

further relief is or could be prayed for, and that the declaration,

whether or not further relief is or could be prayed for, and that the

declaration shall have the force and effect of a final judgment.

26. O.C.G.A. Section 9-4-2 (c) provides that

declaratory judgment shall be available notwithstanding the fact that

the complaining party has any other adequate legal or equitable

remedies.

WHEREFORE, Plaintiff respectfully prays that this

Honorable Court grant declaratory judgment on behalf of Plaintiff

and against Defendant JP Morgan Chase Bank, USA and that the

Court treat this complaint as an indemnification and hold harmless

Plaintiffs against said Defendant and grant such other and further

relief as the court deems equitable, appropriate and just.

## COUNT III-VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

27. Defendants JP Morgan Chase Bank, USA; Wargo

French, LLP; Rubin Lublin, LLC; Select Portfolio Servicing, Inc.

and Deutsche Bank National Trust Company, as Trustee are debt
collectors within the meaning of the FDCPA, who routinely use the
threat of foreclosing security deeds through the non-judicial
foreclosure process to collect debts, even though said Defendants
are not the true owners or holders of the subject security deeds and
have no legal standing to collect the security deed through
foreclosure.

28. The above Defendants conduct is in violation of
the Fair Debt Collection Practices Act in that Defendants seek to
force consumers, including this Plaintiff, to pay the debt on a
security deed that is not legitimately owned by the consumer.

29. Defendants knows, or should know, that the parties
whom they are collecting the security deed against the property
under threat of foreclosure do not legitimately owe the debt due to a
lack of standing and other legal infirmities.

30. Defendants use, in addition to other means and
instrumentalities in the collection of debt, a series of false,
fraudulent and fabricated assignments of security deeds which

documents are fabricated, in many cases years after the fact, so that the alleged "assignee" of the security deed has the appearance of standing to foreclosure when they do not, since said assignments are false, fraudulent and fabricated after the fact. Defendants Wargo French, LLP, continue said abuses.

31.Rubin Lublin, LLC, Select Portfolio Servicing, Inc. and Deutsche Bank National Trust used a series of false and deceptive methods stating that JP Morgan Chase Bank USA and later Deutsche Bank National Trust owned and held a valid security deed on the property when they knew or should have known that the security deeds were not valid, and threatened to foreclose the security deed when the parties lacked legal standing to foreclose. Select Portfolio Servicing, Inc. sent a series of communications that included these false claims and threatening foreclosure, including but not limited to a letter dated September 11, 2015, a letter dated September 18, 2015, a letter dated October 7, 2015,  Mortgage statement dated November 12, 2015 and another letter November 25, 2015. All of these communications contained and repeated the

11

false representations that Select Portfolio Servicing, Inc. was legally entitled to pursue foreclosure on behalf of the alleged creditor when they knew or should have known that the security deed they were seeking to foreclose was not legally able to be foreclosed. Said communications are attached hereto as Plaintiff's Exhibit "B".

32. The use of false, fraudulent and fabricated documents is an unfair and deceptive collection practice in violation of the Fair Debt Collection Practices Act.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

33. Section 5(a) of the FTC Act, 15 U.S.C. §45(a), prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 5(a) of the FTC Act.

34. In numerous instances, during telephone calls to Plaintiff Consumer who had previously told Defendants that he did not owe the debt that Defendants were attempting to collect, Defendants have represented, directly or indirectly, and expressly or by implication, told him that he owed the debt.

12

35. In truth and in fact, in numerous instances, Defendants have not had a reasonable basis for the representations described, at the time the representations were made.

36. Therefore, the making of the representations set forth in herein, constitutes a deceptive act or practice in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## ADDITIONAL VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. In 1977, Congress passed the FDCPA, 15 U.S.C. §§1692-1692p, which became effective on March 20, 1978, and has been in force since that date. Section- 814 of the FDCPA, 15 U .S.C. § 1692 , authorizes the Commission to use all of its functions and powers under the FTC Act, to enforce compliance with the FDCPA by any debt collector, irrespective of whether that debt collector is engaged in commerce or meets any other jurisdictional tests set by the FTC Act. The authority of the Commission in this regard includes the power to enforce the provisions of the FDCPA .

## EQUITABLE RELIEF FOR VIOLATIONS OF THE FTC ACT AND THE FDCPA

13

38. Under Sections 13(b) and 19 of the FTC Act, 15 U.S.C.

§§ 53(b) and 57b, this Court is authorized to issue all equitable and

ancillary relief as it may deem appropriate in the enforcement of the

FDCPA and the FTC Act, including the ability to order the disgorgement

of ill-gotten monies.

## CIVIL PENALTIES FOR VIOLATIONS OF THE FDCPA

39. Defendants violated the FDCPA as described above,

with actual knowledge or knowledge fairly implied on the basis of

objective circumstances, as set forth in Section S(m)(l)(A) of the FTC

Act, 15 U.S.C.  § 45(m)(1)(A).

40. Each instance within five (5) years preceding the filing of

this Complaint, in which Defendants failed to comply with the FDCPA in one

or more of the ways described above, constitutes a separate violation for which

Plaintiff seeks monetary civil penalties.

41. Section 5(m)(1)(A) of the FTC Act, 15 U.S.C

4S(m)(l)(A), Section 84(a) of the FDCPA, 15 U.S.C. § 1692/(a), and

Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990,

28 U.S.C. § 2461, as amended, authorizes the Court to award monetary

14

damages civil penalties, for each violation of the FDCPA and for each violation thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALI S. MUHAMMAD, pursuant to 15 U.S.C. §§ 45(m)(l)(A), 53(b), and 1692, and the Court's own equitable powers, requests that the Court:

    A. Award compensatory, statutory and consequential damages to Plaintiff.
    B. Grant Plaintiff court costs and attorney's fees,
    C. Grant such other and further relief as the court deems equitable, appropriate and just.

## COUNT IV—QUIET TITLE

## JURISDICTION AND VENUE

42. This is an proceeding to Quiet Title against all the world pursuant to the Quiet Title Act of 1966, O.C.G.A. Section 23-3-60.

43. This court has jurisdiction over the parties, subject matter and the real property of this case.

44. The Superior Court has jurisdiction over Quiet Title actions in the State of Georgia. Plaintiff's additional causes of action for fraud and to vacate and set aside a foreclosure deed under power are based

upon and are pursuant to the laws of the State of Georgia.

45. Venue is proper in Clayton County because the property is

located in Clayton County, Georgia, and the acts complained of

occurred in Clayton County, Georgia.

46. Plaintiff re-alleges the allegations contained in paragraphs

above and incorporates same by reference into this count.

47. Plaintiff occupies the subject property pursuant to a

Warranty Deed attached hereto and made a part hereof as Plaintiff's Exhibit

"C".

48. The subject property is legally described as follows:

> All that tract or parcel of land lying and being in Land Lot 47 of the
> 12th District, Clayton, Georgia. Being lot 37 of Cardinal Crossing
> Subdivision, Phase 1as per Plat recorded in Plat Book 33, Page 107-
> 108Clayton County Records Which Plat if incorporated herein by
> this reference and made a part of this description.

Property address: 1560 Ravens Run, Jonesboro, Georgia 30236

49. This proceeding is to establish Plaintiff's Title to the land, to

determine all adverse claims and to remove clouds on Plaintiff's title.

50. Plaintiff shall attach a copy of a plat of survey as Plaintiff's
Exhibit "D".

16

51.   There are adverse claims to the subject property. Copies of
the Security Deed and Assignments of the Security Deed upon which
the adverse claims and clouds against Petitioner's title are based
are attached hereto and made a part hereof as Plaintiff's Exhibit "E".

52. The purported assignments of security deed to Defendant
Deutsche Bank National Trust Company as Trustee are false,
fraudulent and fabricated documents and are null and void and without legal
effect.

53.   Plaintiff has standing to challenge these clouds on its title
and the fact that Plaintiff is not a party to the clouds does not destroy
his legal ability and standing to assert that the assignments are
clouds upon its title. See *Johnson v. Bank of America, N.A.*

54.   This action is in compliance with OCGA Section 23-3-62.

55. Plaintiff shall serve any "unknown parties with any interest
in the subject property" by publication by order from this Court
pursuant to O.C.G.A. Section 9-11-4(f) (1)(B).

56.   Contemporaneously with the filing of this petition, Plaintiff

17

has filed with the Clerk of the Superior Court of Clayton County, Georgia a notice of Lis Pendens.

57. Plaintiff is entitled to a decree from this Court establishing that Plaintiff is the owner in fee simple to the subject property free and clear of all adverse claims and clouds against the title of any Defendant.

WHEREFORE, Plaintiff respectfully requests a Final Order granting the following relief:

A. That this Court decree that fee simple absolute title of the subject property is vested in Plaintiff as to all Defendants.

B. That the Court order the Clerk of the Superior Court of Clayton County, Georgia to properly cancel of record all adverse claims of any Defendant that arise from recorded instruments; and

C. That Plaintiff have such other and further relief as the court deems equitable, appropriate and just.

## COUNT V — FRAUD

58. Plaintiff re-alleges the allegations contained in

paragraphs 1 through 57 and incorporates same by reference into these
Counts.

59. Defendant has defrauded Plaintiff by

making several false misrepresentations of material fact.

60. These false misrepresentations of material fact include that

the subject property was legally and lawfully assigned to Defendant

Deutsche Bank National Trust as Trustee when it was not.  An assignment of

a security deed must be assigned to a securitized trust within 90 days from the

signing of the original deed. The subject property was never validly conveyed

into the securitized trust by the date the Trust closed. Moreover, by the time

the assignment was executed; the loan was already allegedly in default. A

defaulted loan cannot be validly conveyed into a securitized trust. The

assignment is not valid and conveyed no legal interest in the original Security

Deed to Deutsche Bank National Trust as Trustee. Although the assignment

of security deed was not valid or legal, Defendant Deutsche Bank

National Trust as Trustee, continued to represent that it had a valid

interest in the original Security Deed when it did not. Defendant Deutsche Bank Trust knew that its interest was not valid or legal but continued to misrepresent that it had the legal right and ability to foreclose the subject security deed when it did not. Defendants Wargo French, LLP, Rubin Lublin, LLC, and Select Portfolio Servicing, Inc. Also violated the law and committed fraud by continuing to collect a debt for Defendant Deutsche Bank Trust when they knew, or should have known, the it was not valid.

61. Defendant Deutsche Bank Trust made the misrepresentations of material fact with the intent to defraud Plaintiff and this Honorable Court into believing that it had the legal ability to non-judicially foreclose on the subject property and to sell the property to itself at a foreclosure sale of the property and issue a Deed Under Power to itself, when it knew that it had no legal interest in the original security deed.

62. Plaintiff justifiably relied upon Defendants false and fraudulent misrepresentations of the material facts to its detriment.

63. Defendant Deutsche Bank, by fraudulently foreclosing

on the subject property is guilty of mortgage fraud and has perpetrated

a fraud against Plaintiff and upon this Honorable Court.

64. The fraudulent actions of Defendant Deutsche Bank

"shocks the conscience", and has defrauded Plaintiff and

countless other homeowners out of their homes by fraudulently and

illegally foreclosing on their homes. is Plaintiff to punitive damages

for Defendant's fraudulent acts.

65. As a direct and proximate result of Defendants

fraud, Plaintiff has been injured and damaged.

WHEREFORE, Plaintiff respectfully prays that this

Honorable Court grant to him the following relief:

A. Render judgment for Plaintiff and against Defendants.

B. Award actual damages to Plaintiff and punitive damages to punish

Defendant of at least 1 million dollars ($1,000,000.00).

C. Grant such other and further relief as the Court deems equitable,

appropriate and just.

## COUNT VI- ACTION TO SET ASIDE AND VACATE FORECLOSURE AND FORECLOSURE DEED UNDER POWER

66. This is an action to vacate and to set aside a fraudulent non judicial foreclosure, fraudulent foreclosure sale and fraudulent foreclosure Deed Under Power pursuant to the Georgia Rules of Civil Procedure.

67. Plaintiff has been defrauded by Defendant as more fully set forth in paragraphs 58 through 69.

68. Defendant Deutsche Bank Trust accomplished this fraud by means of fraudulent assignments of security deed which it fabricated and recorded in the public records to give itself the appearance of having a legitimate, legal interest in the subject security deed and property in order to accomplish a fraudulent non-judicial foreclosure and subsequent fraudulent foreclosure sale of the property to itself.

69. Plaintiff requests that the court set aside and vacate any Deed or Deed under Power that is procured through fraud.

WHEREFORE, Plaintiff respectfully prays that this Honorable

Court grant to him the following relief:

    A. Grant judgment for Plaintiff and against Defendants.

    B. Vacate and set aside the fraudulent instruments from the public records of Clayton County, Georgia.

    C. Grant Plaintiff damages for Defendants' violation of RESPA and the Dodd-Frank Act that requires that Defendant acknowledge receipt of a Qualified Written Request (QWR) within five (5) days of Defendants receipt of said request, and a substantive response within thirty (30) days as required by law, providing for actual and statutory damages. Plaintiff requests damages in the amount of Twenty- Five Thousand Dollars ($25,000.00) for Defendants violation of RESPA and Dodd-Frank Act.

    D. That the court grant such other and further relief as the court deems equitable, appropriate and just.

## **VERIFICATION**

    Plaintiff Ali S. Muhammad hereby affirms that the facts and allegations set

forth above are true and correct under penalty of perjury.

Affirmed this 28 day of December, 2015.

                               Ali S Muhammad

                             Ali S. Muhammad, Affiant

23

# C. SAMUEL RAEL

*ATTORNEY AT LAW*
2221 PEACHTREE ROAD, NE
SUITE D-114
ATLANTA, GEORGIA 30309
(404) 522-2555

April 29, 2013

**VIA CERTIFIED MAIL**

Clayton County Tax Assessors
P.K. Dixon Annex 2
2nd Floor
121 S. McDonough Street
Jonesboro, Georgia 30236

      RE: General release executed on behalf of JP Morgan Chase on November 30, 2012
      Subject: 1560 Ravens Run Jonesboro Georgia 30236

Dear Sir/Madame:

 I am retained by and represent Ali S. Muhammad former owner the subject property.

Mr. Muhammad has handed me your tax bill and notice of assessment dated April 26, 2013.

Please request payment of the rightful owner JP Morgan Chase Bank, at the address stated

below.

                                     Very truly yours,

Encl:1
                                     C. Samuel Rael
                                     Georgia Bar No. 591750

Cc: Ali Muhammad              EXHIBIT"A"
    Jamie Dimon, CEO, JP Morgan Chase Bank, N.A.,
    270 Park Avenue, 30th Floor, New York, New York 10017
    JP Morgan Chase Bank

**Chase**
P.O. Box 183210
Columbus, OH 43218-3210



**Notice of Assignment, Sale or
Transfer of Servicing Rights**

1/17/2014

||.||||...||..||...||.||.|.|..||||.|..|.|.||....||||
011811 - 1 of 3 NSP0GMC5-Z1 CH1BOC.A 000000000000
ALI S MUHAMMAD
1750 COUNTY LINE RD SW
ATLANTA, GA 30331

**Chase loan number:  0696249085**

Dear ALI S MUHAMMAD,

We're writing to let you know that the servicing of your mortgage loan will transfer from Chase to
Select Portfolio Servicing, Inc(SPS) on 2/1/2014.

The servicing of your mortgage loan includes:

- Collecting and processing your payments
- Sending account statements and annual tax forms
- Notifying you of account-related issues and updates

This transfer doesn't affect any of the terms of your loan, other than the terms directly related to the
servicing of your loan.

**What this means to you**

On or after 2/1/2014:

- Your account number will change. SPS will send you a letter with your new account
  number.
- You will send your mortgage payments to your new servicer.
- You will contact your new servicer for any questions about your account.

Over, Please

EXHIBIT"A"



LENDER  ©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.

February 20, 2014

Patricia Calloway
1568 Ravens Run
Jonesboro, GA 30236


Ali S. Muhammad
1851 Penelope Rd. NW
Atlanta, GA 30314

Dear Mr. Muhammad,

I am trying to locate the owner of the property located at 1560 Ravens Run, Jonesboro, GA. On last Saturday I noticed one of the crossties on the retaining wall has fallen off. The retaining wall is on your side of the property and is against my property.

I am concerned that if the crosstie is not repaired or replaced soon it will cause my yard to erode or wash away.

Please let me know your plans for repairing the crosstie. I can be reached at 404-805-8227.

Sincerely,

Patricia Calloway
Patricia Calloway


EXHIBIT"A"

# C. SAMUEL RAEL

*ATTORNEY AT LAW*
*2221 PEACHTREE ROAD, NE*
*SUITE D-114*
*ATLANTA, GEORGIA 30309*
*(404) 522-2555*

February 27, 2014

**VIA CERTIFIED MAIL**
**Return Receipt Requested**

Ms. Patricia Calloway
1568 Ravens Run
Jonesboro, Georgia 30236

RE: Your letter dated February 20, 2014
Subject:  Retainer Wall

Dear Ms. Calloway.:

 I am retained by and represent Ali S. Muhammad, former owner of the property
known and located at 1560 Ravers Run Jonesboro, GA 30236.
Please be advised that my client settled with J.P. Morgan Chase under sealed
documents in November 2011, (he no longer owns the property).
You may contact Teah Glenn at Wargo French representative of J.P. Morgan
Chase about your concerns.

Very truly yours,

C. Samuel Rael

Cc: Jamie Dimon CEO J.P. Morgan Chase
Teah Glen, Esq.
Ali S. Muhammad

EXHIBIT"A"

**TERRY L. BASKIN**
Tax Commissioner
Clayton County
http://www.claytoncountyga.gov

**Taxes for Year**
**2015**
*TAXES DELINQUENT AFTER*
**11/16/2015**

Make checks payable to:
**CLAYTON COUNTY TAX COMMISSIONER**
Mail to: Clayton County Tax Commissioner
Administration Annex 3, 2nd Floor
121 S. McDonough Street
Jonesboro, GA 30236
(770) 477-3311  Fax # (770) 477-3326

**BILL#: 054982   AREA:   8**

IDENTIFICATION NUMBER
**12047A   D013**
PROPERTY LOCATION
**1560 RAVENS RUN**
MARKET VALUE      GROSS ASSESSMENT
**119,500    40% 47,800**
ASSESSMENT PENALIZED

EXEMPTIONS ALLOWED - ASSESSMENT

| | | |
|---|---|---|
| County Tax | 20.953 | $ 1,001.55 |
| County Bonds | | $ .00 |
| Filing Penalty | | $ .00 |
| Fire Protection | 5.000 | $ 239.00 |
| CID -None | | $ .00 |
| Street Light Protection | | $ 38.00 |
| Total County Tax | | $ 1,278.55 |
| Sales Tax Credit | 5.091 | $ 243.35- |
| **Net Tax Due Board of Commissioners** | | $ 1,035.20 |

(Questions? Call 770-477-3208, Board of Commissioners)

| | | |
|---|---|---|
| School Tax | 19.095 | $ 912.74 |
| School Bonds | | $ .00 |
| **Total School Tax** | | $ 912.74 |

(Questions? Call 770-473-2700, Board of Education)

**Owner as of January 1:**

MUHAMMAD ALI S          054982
1750 COUNTRY LINE RD SW
ATLANTA, GA  30331

| | | |
|---|---|---|
| State Tax | .050 | $ 2.39 |
| **Total State Tax** | | $ 2.39 |

(Questions? Call 404-968-0707, State Revenue Department)

Taxes for City of  Fire District-No City Tax

**TOTAL PAYABLE TO TAX COMMISSIONER**          **$1,950.33**

If ownership of property has changed (by law, taxes are billed to owner of record on January 1st of the taxing year) and the new owner is responsible for paying taxes, please forward the bottom portion to them.

If the taxes due are to be paid by your mortgage company, please forward the bottom portion of this statement to them, retaining the top portion for your income tax records.

**Receipts will be mailed only when payment is accompanied by a stamped, self-addressed envelope.**

Failure to pay this bill by due date will result in the following: A delinquent tax fifa (lien) will be placed in your name or against your property on the General Execution Docket, interest will be charged at the rate of 12% per annum and bills over 90 days delinquent will be charged a 10% penalty in addition to the 12% interest.

**(SEE REVERSE SIDE FOR FURTHER INFORMATION)**

*TAXPAYER PORTION*

**TERRY L. BASKIN**
Tax Commissioner
Clayton County
http://www.claytoncountyga.gov

**Taxes for Year**
**2015**
*TAXES DELINQUENT AFTER*
**11/16/2015**

Make checks payable to:
**CLAYTON COUNTY TAX COMMISSIONER**
Mail to: Clayton County Tax Commissioner
Administration Annex 3, 2nd Floor
121 S. McDonough Street
Jonesboro, GA 30236
(770) 477-3311  Fax # (770) 477-3326

**BILL#: 054982   AREA:   8**

IDENTIFICATION NUMBER          PROPERTY LOCATION
**12047A   D013             1560 RAVENS RUN**
MARKET VALUE      GROSS ASSESSMENT          ASSESSMENT PENALIZED
**119,500    40% 47,800**
EXEMPTIONS ALLOWED - ASSESSMENT

**Owner as of January 1:**
MUHAMMAD ALI S
1750 COUNTRY LINE RD SW          054982
ATLANTA, GA  30331

| | | |
|---|---|---|
| Net Tax Due County | $ | 1,035.20 |
| Total School Tax | | 912.74 |
| Total State Tax | $ | 2.39 |

Taxes for City of  Fire District-No City Tax

**TOTAL PAYABLE TO TAX COMMISSIONER**          **$1,950.33**

*RETURN THIS PORTION WITH PAYMENT*

EXHIBIT "A"



# ANNUAL NOTICE OF ASSESSMENT

| | |
|---|---|
| Notice Date: | **4/25/2014** |
| **This is not a tax bill** **Do not send payment** | |
| Last Date to File Appeal: **6/09/2014** | |
| County Property Records are available online at: www.claytoncountyga.gov/departments/tax-assessor.aspx | |
| **OFFICIAL TAX MATTER - 2014 ASSESSMENT** | |

**MUHAMMAD ALI S**
**1750 COUNTRY LINE RD SW**
**ATLANTA, GA  30331**

**The amount of your ad valorem tax bill for the year shown above will be based on the appraised (100%) and assessed (40%) values specified in this notice.  You have the right to appeal these values to the County Board of Tax Assessors. All documents and records used to determine the current value are available upon request.  Additional information on the appeal process may be obtained at https://etax.dor.ga.gov/ptd/taxguide/appeals.aspx**

### At the time of filing your appeal you must select one of the following options:

(1)  Appeal to the County Board of Equalization with appeal to the Superior Court (value, uniformity, denial of exemption, taxability)

(2)  To arbitration without an appeal to the Superior Court (valuation is the only grounds that may be appealed to arbitration)

(3)  For a parcel of non-homesteaded property with a FMV in excess of $1 million, to a hearing officer with appeal to the Superior Court.

**If you wish to file an appeal, you must do so in writing no later than 45 days after the date of this notice.  If you do not file an appeal by this date, your right to file an appeal will be lost.  Appeal forms which may be used are available at http://www.claytoncountyga.gov/departments/tax-assessor/forms.aspx.**

For further information on the proper method of filing an appeal, you may contact the county Board of Tax Assessors which is located at P.K.Dixon Annex 2, 121 S. McDonough St., Jonesboro, GA  30236 and which may be contacted by telephone at: 770-477-3285.  Your staff contact is Larry Brock.

| Account Number | Property ID Number | Acreage | Tax District | Covenant Year | Homestead |
|---|---|---|---|---|---|
| | 12047A D013 | | County | | |
| Property Description | Real Property | | | | |
| Property Address | 1560 RAVENS RUN | | | | |
| Fair Market Value | Returned Value | Previous Year Value | Current Year Value | Other Value - | |
| 100% Fair Market Value | | 72,498 | 72,008 | | |
| 40% Assessed Value | | 28,999 | 28,803 | | |

REASONS FOR NOTICE

DECLINING MARKET

**The estimate of your ad valorem tax bill for the current year is based on the previous year's net millage rate and the fair market value contained in this notice.  The actual tax bill you receive may be more or less than this estimate.  This estimate may not include all eligible exemptions.**

| Taxing Authority | Other Exempt | Homestead Exempt | Net Taxable Value | Previous Millage | Estimated Tax |
|---|---|---|---|---|---|
| State Tax | | | 28,803 | .150 | 4.32 |
| County M&O | | EXHIBIT"A" | 28,803 | 14.661 | 422.28 |
| School M&O | | | 28,803 | 20.000 | 576.06 |
| Fire | | | 28,803 | 4.400 | 126.73 |
| Street Light | | | 0 | | 38.00 |
| | | | | | |
| Total Estimated Bill | | | | | 1,167.39 |



# ANNUAL NOTICE OF ASSESSMENT

| | |
|---|---|
| Notice Date: | **4/24/2015** |
| **This is not a tax bill** **Do not send payment** | |
| Last Date to File Appeal: **6/08/2015** | |
| County Property Records are available online at: www.claytoncountyga.gov/departments/tax-assessor.aspx | |
| **OFFICIAL TAX MATTER - 2015 ASSESSMENT** | |

MUHAMMAD ALI S
1750 COUNTRY LINE RD SW
ATLANTA, GA 30331

**The amount of your ad valorem tax bill for the year shown above will be based on the appraised (100%) and assessed (40%) values specified in this notice. You have the right to appeal these values to the County Board of Tax Assessors. All documents and records used to determine the current value are available upon request. Additional information on the appeal process may be obtained at https://etax.dor.ga.gov/ptd/taxguide/appeals.aspx**

**At the time of filing your appeal you must select one of the following options:**

(1) Appeal to the County Board of Equalization with appeal to the Superior Court (value, uniformity, denial of exemption, taxability)
(2) To arbitration without an appeal to the Superior Court (valuation is the only grounds that may be appealed to arbitration)
(3) For a parcel of non-homesteaded property with a FMV in excess of $1 million, to a hearing officer with appeal to the Superior Court.

**If you wish to file an appeal, you must do so in writing no later than 45 days after the date of this notice. If you do not file an appeal by this date, your right to file an appeal will be lost. Appeal forms which may be used are available at http://www.claytoncountyga.gov/departments/tax-assessor/forms.aspx.**

For further information on the proper method of filing an appeal, you may contact the county Board of Tax Assessors which is located at P.K.Dixon Annex 2, 121 S. McDonough St., Jonesboro, GA 30236 and which may be contacted by telephone at: 770-477-3285. Your staff contact is Larry Brock.

| Account Number | Property ID Number | Acreage | Tax District | Covenant Year | Homestead |
|---|---|---|---|---|---|
| | 12047A D013 | | County | | |
| Property Description | Real Property | | | | |
| Property Address | 1560 RAVENS RUN | | | | |
| Fair Market Value | Returned Value | Previous Year Value | Current Year Value | Other Value - | |
| 100% Fair Market Value | | 72,008 | 119,499 | | |
| 40% Assessed Value | | 28,803 | 47,800 | | |

REASONS FOR NOTICE

MARKET ADJUSTMENT   EXHIBIT"A"

**The estimate of your ad valorem tax bill for the current year is based on the previous year's net millage rate and the fair market value contained in this notice. The actual tax bill you receive may be more or less than this estimate. This estimate may not include all eligible exemptions.**

| Taxing Authority | Other Exempt | Homestead Exempt | Net Taxable Value | Previous Millage | Estimated Tax |
|---|---|---|---|---|---|
| State Tax | | | 47,800 | .100 | 4.78 |
| County M&O | | | 47,800 | 14.869 | 710.74 |
| School M&O | | | 47,800 | 19.804 | 946.63 |
| Fire | | | 47,800 | 5.000 | 239.00 |
| Street Light | | | 0 | | 38.00 |
| Total Estimated Bill | | | | | 1,939.15 |



**TERRY L. BASKIN**
Tax Commissioner
Clayton County
http://www.claytoncountyga.gov

**BILL#: 054755   AREA:   8**

Taxes for Year
2014
*TAXES DELINQUENT AFTER*
11/17/2014

Make checks payable to:
CLAYTON COUNTY TAX COMMISSIONER
Mail to: Clayton County Tax Commissioner
Administration Annex 3, 2nd Floor
121 S. McDonough Street
Jonesboro, GA 30236
(770) 477-3311  Fax # (770) 477-3326

IDENTIFICATION NUMBER
12047A  D013
PROPERTY LOCATION
1560 RAVENS RUN
MARKET VALUE       GROSS ASSESSMENT
72,008   40% 28,803
ASSESSMENT PENALIZED

EXEMPTIONS ALLOWED - ASSESSMENT

**Owner as of January 1:**

MUHAMMAD ALI S                    054755
1750 COUNTRY LINE RD SW
ATLANTA, GA  30331

| | | |
|---|---|---|
| County Tax | 20.953 | $ 603.51 |
| County Bonds | | $ .00 |
| Filing Penalty | | $ .00 |
| Fire Protection | 5.000 | $ 144.02 |
| Street Light Protection | | $ 38.00 |
| Total County Tax | | $ 785.53 |
| Sales Tax Credit | 6.084 | $ 175.24 |
| **Net Tax Due Board of Commissioners** | | $ 610.29 |

(Questions? Call 770-477-3208, Board of Commissioners)

| | | |
|---|---|---|
| School Tax | 19.804 | $ 570.41 |
| School Bonds | | $ .00 |
| **Total School Tax** | | $ 570.41 |

(Questions? Call 770-473-2700, Board of Education)

| | | |
|---|---|---|
| State Tax | .100 | $ 2.88 |
| **Total State Tax** | | $ 2.88 |

(Questions? Call 404-968-0707, State Revenue Department)

Taxes for City of  Fire District-No City Tax

**TOTAL PAYABLE TO TAX COMMISSIONER        $1,183.58**

If ownership of property has changed (by law, taxes are billed to owner of record on January 1st of the taxing year) and the new owner is responsible for paying taxes, please forward the tax bill to them.

If the taxes due are to be paid by your mortgage company, please forward the bottom portion of this statement to them, retaining the top portion for your income tax records.

**Receipts will be mailed only when payment is accompanied by a stamped, self-addressed envelope.**

Failure to pay this bill by due date will result in the following: A delinquent tax fifa (lien) will be placed in your name or against your property on the General Execution Docket, interest will be charged at the rate of 12% per annum and bills over 90 days delinquent will be charged a 10% penalty in addition to the 12% interest.

**(SEE REVERSE SIDE FOR FURTHER INFORMATION)**

*TAXPAYER PORTION*



**TERRY L. BASKIN**
Tax Commissioner
Clayton County
http://www.claytoncountyga.gov

**BILL#: 054755   AREA:   8**

Taxes for Year
2014
*TAXES DELINQUENT AFTER*
11/17/2014

Make checks payable to:
CLAYTON COUNTY TAX COMMISSIONER
Mail to: Clayton County Tax Commissioner
Administration Annex 3, 2nd Floor
121 S. McDonough Street
Jonesboro, GA 30236
(770) 477-3311  Fax # (770) 477-3326

IDENTIFICATION NUMBER        PROPERTY LOCATION
12047A  D013              1560 RAVENS RUN
MARKET VALUE       GROSS ASSESSMENT        ASSESSMENT PENALIZED
72,008   40% 28,803
EXEMPTIONS ALLOWED - ASSESSMENT

**Owner as of January 1:**

MUHAMMAD ALI S                    054755
1750 COUNTRY LINE RD SW
ATLANTA, GA  30331

| | | |
|---|---|---|
| Net Tax Due County | $ | 610.29 |
| Total School Tax | $ | 570.41 |
| Total State Tax | $ | 2.88 |
| Taxes for City of Fire District-No City Tax | | |

**TOTAL PAYABLE TO TAX COMMISSIONER        $1,183.58**

RETURN THIS PORTION WITH PAYMENT        EXHIBIT "A"



**SELECT** *Portfolio* **SERVICING**, *inc.*

September 11, 2015

ALI S MUHAMMAD
1750 COUNTY LINE RD SW
ATLANTA, GA 30331

RE:   Account No:        0016238818
      Property Address:  1560 RAVENS RUN
                         JONESBORO, GA 30236

Dear Customer(s),

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is considering you for a loan resolution option. This letter is to notify you that your assigned Relationship Manager has changed. I have been assigned as your new Relationship Manager and can assist you through the resolution process.

At SPS, any of our trained servicing representatives can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. Please contact SPS toll free at 888-818-6032. Representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website anytime at www.spservicing.com.

If you have any additional documentation you would like us to consider while evaluating this account for an alternative to foreclosure, please fax the documents to 801-293-3936.

Sincerely,

Bailey Sanchez
Relationship Manager
Toll free 888-818-6032 Ext. 36605
Select Portfolio Servicing, Inc.
directcontact@spservicing.com

**Esta carta contiene información importante concerniente a sus derechos. Por favor, hágala traducir. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta llamando al teléfono 800-831-0118 y marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

EXHIBIT "B"



 **SELECT** *Portfolio* **SERVICING**, *inc.*

September 18, 2015

 ALI S MUHAMMAD
1750 COUNTY LINE RD SW
ATLANTA, GA 30331

Re:   Account Number:     0016238818
      Property Address:     1560 RAVENS RUN
                            JONESBORO, GA 30236

Dear Customer(s),

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, identified that you are in default under the terms of your mortgage or deed of trust (security instrument). We realize that you may be experiencing a temporary or permanent hardship that has led to the default and we encourage you to contact us.

We want to work with you to find a mutually agreeable way to resolve the delinquency and avoid foreclosure. Depending on your circumstances, we have several mortgage assistance programs available that may help you. SPS is a proud participant in the Federal Government's Making Home Affordable Program (MHA), which includes several mortgage assistance options depending on eligibility.

We may also have other options available to help you. These additional options, which may not be available to everyone, include:

- Repayment Plans and Special Forbearances: With this program, you could receive payment options for a limited number of months to give you time to resolve your financial difficulties, or give us time to work together on a more permanent solution.
- Loan Modifications: With this program, you could receive permanent changes to certain terms on the account, depending on your circumstances and available program options.
- Short Sales: With this program, the property is listed for sale at fair market value, even if that value is lower than the account balance. If a buyer is identified and the property is sold, the proceeds from the sale are applied toward the account, even if the proceeds are less than the account balance.
- Deeds in Lieu of Foreclosure: With a Deed in Lieu, the title is voluntarily transferred to the owner or servicer of your account in order to avoid a foreclosure sale and satisfy all or a portion of the mortgage account.
- Short Payoffs: With this program, you provide an approved amount to the owner or servicer of your account to satisfy the account, even if that amount is less than the account balance.

The enclosed brochure describes each of these programs in further detail. As a reminder, you are still obligated to make all future account payments as they come due, even while we are evaluating the types of assistance that may be available to you. Please be advised that there is no guarantee that you will be eligible to receive any (or a particular type of) assistance through one of these programs.

To help us determine whether you qualify for assistance under MHA or an alternative workout program, you will need to complete an application. Please contact us at one of the numbers below or logon to our website at www.spservicing.com to start the application process. You may also contact us by mail at:

Select Portfolio Servicing, Inc.
PO Box 65250 Salt Lake City, UT 84165-0250

EXHIBIT "B"



# SPS | SELECT
*Portfolio*
SERVICING, inc.

November 25, 2015

ALI S MUHAMMAD
1750 COUNTY LINE RD SW
ATLANTA, GA 30331

Re:  Account Number:   0016238818
     Property Address:   1560 RAVENS RUN
                         JONESBORO, GA 30236

Dear Customer(s):

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is notifying you that a foreclosure sale of the above noted property has been scheduled for 01-05-2016. Please contact us immediately if you have any questions.

If you have any questions, you may contact your assigned Relationship Manager, Jesse Kavoukas, at 888-818-6032 Ext. 36809 or by email at directcontact@spservicing.com.

If you have any questions regarding your account, please contact SPS toll free at 888-818-6032. Representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website anytime at www.spservicing.com.

Sincerely,

Select Portfolio Servicing Inc,.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.**

**Minnesota - This collection agency is licensed by the Minnesota Department of Commerce
New York City - Collection Agency License # 1170514**

EXHIBIT"B"





October 7, 2015

ALI S MUHAMMAD
1750 COUNTY LINE RD SW
ATLANTA, GA 30331

RE: Account No:         0016238818
    Property Address:   1560 RAVENS RUN
                        JONESBORO, GA 30236

Dear Customer(s),

Select Portfolio Servicing, Inc. (SPS), the mortgage servicer on the above referenced account, is considering you for a loan resolution option. This letter is to notify you that your assigned Relationship Manager has changed. I have been assigned as your new Relationship Manager and can assist you through the resolution process.

At SPS, any of our trained servicing representatives can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. Please contact SPS toll free at 888-818-6032. Representatives are available Monday through Thursday between the hours of 8 a.m. and 11 p.m., Friday from 8 a.m. to 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website anytime at www.spservicing.com.

If you have any additional documentation you would like us to consider while evaluating this account for an alternative to foreclosure, please fax the documents to 801-293-3936.

Sincerely,

Jesse Kavoukas
Relationship Manager
Toll free 888-818-6032 Ext. 36809
Select Portfolio Servicing, Inc.
directcontact@spservicing.com

**Esta carta contiene información importante concerniente a sus derechos. Por favor, hágala traducir. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta llamando al teléfono 800-831-0118 y marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

EXHIBIT "B"



08260
00097

FILED
CLAYTON CO., GA

2005 AUG 17  PM 1: 27

LINDA T. MILLER
CLERK SUPERIOR COURT

44077

Clayton County, Georgia
Real Estate Transfer Tax
Paid  24650
Date  8-12-05
Linda T. Miller
Clerk, Superior Court

Prepared by:
Brochstein & Bentley, P.C.
3495 Piedmont Road, Suite 330
Atlanta, Georgia  30305
mab
File No. 1050716390

## WARRANTY DEED

STATE OF  Georgia            COUNTY OF  Fulton

THIS INDENTURE, Made the  12th  day of  August  , in the year Two Thousand Five, between
Charmagne R. Moore

of the County of  Clayton  , and State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

Ali S. Muhammad

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of TEN AND NO/100 ($10.00) DOLLARS in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

All that tract or parcel of land lying and being in Land Lot 47 of the 12th District, Clayton County, Georgia, being Lot 37, of Cardinal Crossing Subdivision, Phase I, as per plat recorded in Plat Book 33, Page 107-108. Clayton County Records, which plat is incorporated herein by this reference and made a part of this description.

This conveyance is made subject to all easements, covenants and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in presence of:

WITNESS _____    Charmagne R. Moore _____ (Seal)
                                                                    _____ (Seal)
NOTARY PUBLIC _____         _____ (Seal)
                                                                    _____ (Seal)

FORM NAME: WD

BK08260PG097

EXHIBIT"C"



EXHIBIT"D"

08260
00098

RUBENSTEIN & BANTLEY, P.C.
3455 Piedmont Rd. Ste. 330
Eleven Piedmont Center
Atlanta, GA 30305
Attn: LONG BEACH MORTGAGE COMPANY
P.O. BOX 201085
STOCKTON, CA 95202

FILED
CLAYTON CO., GA

2005 AUG 17 PM 1:27

LINDA T. MILLER
CLERK SUPERIOR COURT
44077

Prepared By:

LOAN NO. 6545790-7893

GEORGIA INTANGIBLE TAX PAID
$ _____
_____
_____
CLERK SUPERIOR COURT
CLAYTON COUNTY, GA.

─────────────[Space Above This Line For Recording Data]─────────────

## SECURITY DEED

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated    August    12,    2005    ,
together with all Riders to this document.
(B) **"Borrower"** is
ALI S. MUHAMMAD , a married man

Borrower is the grantor under this Security Instrument.
(C) **"Lender"** is    LONG BEACH MORTGAGE COMPANY

Lender is a corporation
organized and existing under the laws of  the State of Delaware

GEORGIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3011  1/01

-6(GA) (0005).01
Page 1 of 14                    Initials: 
VMP MORTGAGE FORMS - (800)521-7291
TDGA01 (04/25/04) PC

BK0826 0PG098

EXHIBIT "E"

08260
00099

Lender's address is   1400 S. DOUGLASS RD., SUITE 100,
ANAHEIM, CA 92806
Lender is the grantee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated      August      12,  2005  .
The Note states that Borrower owes Lender
Two Hundred Twenty One Thousand Eight Hundred Fifty and no/100------------------------------Dollars
(U.S. $ 221,850.00              ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than      September    1,   2045   .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider   [ ] Condominium Rider              [ ] Second Home Rider
[ ] Balloon Rider            [ ] Planned Unit Development Rider [X] 1-4 Family Rider
[ ] VA Rider                 [ ] Biweekly Payment Rider         [x] Other(s) [specify] Waiver of borrower's
                                                                    rights

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(K) "Escrow Items" means those items that are described in Section 3.
(L) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(M) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(N) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used
in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

-6(GA) (0005).01                    Page 2 of 14                    Form 3011  1/01
TD0A02 (04/2000) PC                                                Loan No. 6545790-7893

BK0826 0PG099