IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALI S. MUHAMMAD,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )     CIVIL ACTION NO.
                                          )     1:15-CV-04479-AT-WEJ
JPMORGAN CHASE BANK, USA;                 )
WARGO FRENCH, LLP;                        )
RUBIN LUBLIN, LLC; SELECT                 )
PORTFOLIO SERVICING, INC.; AND            )
DEUTSCHE BANK NATIONAL TRUST              )
COMPANY AS TRUSTEE, IN TRUST              )
FOR THE REGISTERED HOLDERS                )
OF LONG BEACH MORTGAGE                    )
LOAN TRUST 2005-WL3                       )
ASSET-BACKED CERTIFICATES                 )
SERIES 2005-WL 3,                         )
                                          )
        Defendants.                       )

## DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Select

Portfolio Servicing, Inc. ("SPS") and Deutsche Bank National Trust Company, as

Trustee for Long Beach Mortgage Loan Trust 2005-WL3 ("Deutsche Bank")

(collectively, "Defendants") hereby move to dismiss Plaintiff Ali. S. Muhammad's

("Plaintiff") Complaint *with prejudice*. This is Plaintiff's *third* lawsuit premised

1

on the contentions that the subject real property was transferred to the prior servicer of the subject loan in 2012 and that Defendants are not entitled to foreclose upon it.  This Court has already held that Plaintiff cannot sustain any claim for relief based on these allegations; and Plaintiff fails to allege any new factual circumstances that could sustain a claim for relief.  The Court should therefore dismiss Plaintiff's Complaint *with prejudice*.

## I.    **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff obtained the subject home loan ("Loan") from Long Beach Mortgage Company ("Long Beach") in August 2005.  (Compl. Ex. E.)   In connection with the Loan, Plaintiff executed and conveyed a security deed ("Security Deed")[1] to Long Beach and its successors and assigns, which secured the Loan with the real property located at 1560 Ravens Run, Jonesboro, Georgia 30236 ("Ravens Run Property" or "Property").  (*Id.*; Ex. A.)  The Security Deed was subsequently assigned to Deutsche Bank via an assignment ("Assignment"),[2]

---

[1]    A true and correct copy of the Security Deed is attached hereto as **Exhibit A**.  The Court may take judicial notice of this document because it is a public record and is central to Plaintiffs' Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Hennington v. Greenpoint Mortg. Funding Inc.*, Nos. 1:09-CV-00676-RWS, 1:09-CV-00962-RWS, 2009 WL 1372961, at *4 (N.D. Ga. May 15, 2009).

[2]    Plaintiff states that the Assignment is attached to his Complaint as Exhibit E (Compl. ¶ 51), but the Assignment is not actually included.  However, the Court

which was recorded in the official records of Clayton County, Georgia at Deed Book 10484, Page 1. (Compl. ¶ 51; Ex. B.) Defendant JPMorgan Chase Bank, N.A. ("Chase") was the servicer of the Loan until the servicing of the Loan was transferred to SPS in February 2014. (Compl. Exs. A, B.)

In 2012, Plaintiff and Columbia Hills Management Company ("CHMC") entered into a Global Release and Settlement Agreement ("Settlement Agreement") with Chase to resolve several lawsuits related to the Property and certain other residential properties. (Compl. ¶ 15; *see also* Settlement Agreement p. 1, filed under seal as Exhibit C.)[3] As relevant here, the Settlement Agreement originally provided that Plaintiff would "[t]ransfer ownership and/or relinquish possession [of the Property] to Chase." (Ex. C.) However, on November 29, 2012, the same day that Plaintiff executed the Settlement Agreement, the parties entered into an Amendment to the Settlement Agreement ("Amendment"), which

_____

may take judicial notice of this document. *See supra* note 1. A true and correct copy of the Assignment is attached hereto as **Exhibit B**.

[3]     To maintain the confidentiality of the negotiated terms of the Settlement Agreement that are not public record, Defendants have filed the Settlement Agreement and the subsequent amendment under seal as **Exhibits C** and **D,** respectively, pursuant to Appendix H to this Court's Local Rules. The Settlement Agreement and subsequent amendment were also filed under seal with this Court in Plaintiff's prior action. *See* Motion to File Settlement Agreement Under Seal, *Muhammad v. Dimon*, 1:15-CV-00107-AT (N.D. Ga. Feb. 25, 2015), ECF. No. 31. This Court may take judicial notice of the records in Plaintiff's prior action. *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

"modified [the Settlement Agreement] to reflect that the . . . Property shall no longer be transferred to Chase pursuant to a Warranty Deed and that Chase instead [would] be entitled to forthwith institute foreclosure proceedings with regard to the . . . Property without interference by CHMC and/or [Plaintiff]." (Ex. D; *see also* Final Report and Recommendation at 3–5, *Muhammad v. Dimon*, No. 1:15-CV-00107-AT (N.D. Ga. June 30, 2015), ECF No. 62; Order at 3–4, *Muhammad v. Dimon*, No. 1:15-CV-00107-AT (N.D. Ga. July 30, 2015), ECF. No. 70.) As modified, the Settlement Agreement provided that "Chase shall be entitled forthwith to institute foreclosure proceedings with regard to the . . . Property and that [Plaintiff] and/or CHMC shall not interfere or otherwise take steps to interfere with Chase's efforts to move forward with foreclosure." (*Id.*) The Settlement Agreement was binding in favor of Chase, Deutsche Bank, and all of their successors and assigns. (Ex. C.)

This is Plaintiff's *third* action premised on the plainly false contention that the Ravens Run Property was transferred to Chase pursuant to the Settlement Agreement. Plaintiff and CHMC filed the first action against Chase and its chief executive officer James Dimon in March 2014 in the State Court of Fulton County, Georgia (Case No. 14EV000553, "State Court Action"), alleging that the Settlement Agreement "transfer[red] ownership" and possession of the Properties

to Chase and that it had breached the agreement by failing to assume responsibility for maintenance of the Properties and payment of property taxes on them.  After a bench trial in April 2015, the court in the State Court Action entered judgment in Chase's favor.  Plaintiff appealed to the Georgia Court of Appeals (Case No. A15A2321) where the case remains pending.

While the State Court Action was pending in the trial court, Plaintiff filed a separate action in this Court (Case No. 1:15-CV-0107, "Prior Federal Action") against Chase, Mr. Dimon, SPS, Wargo French, and Rubin Lublin LLC ("Rubin Lublin") based on the same underlying allegations.  In particular, Plaintiff again alleged that Chase breached the Settlement Agreement by "refusing to exercise dominion and control over the subject properties and failing to maintain [and] pay property tax and insurance on the properties."  (Compl. at ¶ 20, *Muhammad v. Dimon*, No. 1:15-CV-0107 (N.D. Ga. Jan. 13, 2015), ECF No. 1.)  Plaintiff also alleged that the initiation of foreclosure proceedings against the Ravens Run Property constituted a breach of the Settlement Agreement and a violation of a number of consumer protection laws.  (*Id.* at ¶¶ 21–25.)  Based on these allegations, Plaintiff asserted claims for purported violations of the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and

the Federal Trade Commission Act ("FTC Act"), as well as claims for wrongful attempted foreclosure and declaratory and injunctive relief.  (*Id.* at ¶¶ 26–54.)

On July 30, 2015, this Court dismissed Plaintiff's claims with prejudice for failure to state a claim.  (Order, *Muhammad v. Dimon*, No. 1:15-CV-0107 (N.D. Ga. July 30, 2015), ECF No.70.)   In its order, this Court specifically rejected Plaintiff's central contention that ownership of the Properties passed to Chase pursuant to the Settlement Agreement—as this contention is plainly contrary to the clear terms of the Settlement Agreement—and held that Plaintiff had failed to make any other allegations against any of the defendants that could sustain any claim for relief.  (*Id.* at 10.)   The Court entered its judgment ("Judgment") dismissing Plaintiff's Prior Action with prejudice the same day.  (Judgment, *Muhammad v. Dimon*, No. 1:15-CV-0107 (N.D. Ga. July 30, 2015), ECF No. 71.) Plaintiff did not appeal this Court's Judgment.

Despite two separate courts having disposed of his claims, Plaintiff filed this action asserting virtually identical claims to those in his Prior Federal Action.  In this action, Plaintiff again contends that the Settlement Agreement "transfer[red] ownership and control" over the Properties to Chase and that Chase breached the Agreement by failing to maintain and pay property taxes on the Ravens Run Property.  As a result of the Agreement, Plaintiff also contends yet again that SPS

and Deutsche Bank's initiation of foreclosure proceedings against the Ravens Run Property is wrongful and violates a number of consumer protection laws. Plaintiff's latest Complaint is simply another transparent attempt to prevent the Ravens Run Property from being foreclosed despite his agreement that he would not interfere with any efforts to foreclose on the Ravens Run Property and his contention that he is no longer the rightful owner of the Property.

In his current Complaint, Plaintiff asserts the following claims for relief against SPS and Deutsche Bank: (1) violations of the FDCPA (count III); (2) quiet title (count IV); (3) fraud (count V); and (4) "action to set aside and vacate foreclosure and foreclosure deed under power" (count VI).[4] For the reasons stated herein, the Court should dismiss Plaintiff's claims in their entirety with prejudice.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff's Claims Are Barred by the Doctrines of Res Judicata and Collateral Estoppel

Plaintiff's claims in this duplicate action are plainly barred by the Judgment in the Prior Federal Action.  The doctrine of res judicata encompasses two related-but-distinct doctrines designed to prevent duplicative litigation: claim preclusion (traditional res judicata), which prevents "repetitious suits involving the same

---

[4]     As noted above, Plaintiff only asserts his claims for breach of contract (count I) and declaratory relief (count II) against Chase.

cause of action," and issue preclusion (also known as collateral estoppel), which prevents "re-adjudication of the same issue . . . that was actually litigated and decided in the previous adjudication, even if it arises in the context of a different cause of action." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1263–64 (11th Cir. 2011) (emphasis omitted) (internal quotation marks omitted).   Plaintiff's claims here are barred under both doctrines.

    *1.*    *Plaintiff's Claims Are Barred under the Doctrine of Res Judicata*

The very purpose of the doctrine of res judicata is to protect against multiple, duplicative lawsuits such as Plaintiff's.  *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (internal quotation marks omitted) ("The purpose behind the doctrine of res judicata is . . . [to] protect[] [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserve[] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions.").

> The doctrine of res judicata, or claim preclusion, will bar a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties [(or those in privity with them)] were identical in both suits; and (4) the prior and present causes of action are the same.

*Davila v. Delta Air Lines*, 326 F.3d 1183, 1187 (11th Cir. 2003) (quoting *Jang v. United Techs. Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000) (internal quotation

marks omitted); *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). "Importantly, this bar pertains not only to claims that were raised in the prior action, but also to claims that could have been raised previously." *Davila*, 326 F.3d at 1187.   The prior and present claims are the same for purposes of res judicata if "the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'"   *Id.* (quoting *In re Piper*, 244 F.3d at 1297).

Each of these requirements is undisputedly satisfied here.  First, there is no question that this Court was a court of competent jurisdiction to render the Judgment in the Prior Federal Action.  Second, the Court's dismissal of the Prior Federal action was a final judgment on the merits.  *See Harmon v. Webster*, 263 F. App'x 844, 845–46 (11th Cir. 2008) (dismissals for failure to state a claim are final judgments on the merits).  Third, this action and the Prior Federal Action involve the same parties and their privies.  Though Plaintiff has added Deutsche Bank as a defendant in this action, it is in privity with SPS and Chase for res judicata purposes.

> Privity describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty.  This relationship between the party and nonparty may be one of several types: where the nonparty has succeeded to the party's interest in the property, where the nonparty controlled the original suit, where the nonparty's

> interests were represented adequately by the party in the original suit, and where the party and nonparty have concurrent interests in the same property right.

*Bailey v. Deutsche Bank Trust Co. Am.*, No. 3:13-CV-00001 CAR, 2013 WL 820411, at *2 (M.D. Ga. Mar. 5, 2013). Accordingly, as numerous courts have held, the owner or investor of a loan is in privity with the loan servicer for res judicata purposes. *Id.* at *2 n.16 (collecting cases); *e.g., Moreland v. Bank of New York Mellon*, No. CV 214-112, 2015 WL 4274419, at *4 (S.D. Ga. July 14, 2015) ("SPS, the loan servicer, and Trustee, the loan holder, are plainly in privity with one another."); *Bailey*, 2013 WL 820411, at *2 ("Defendant [Deutsche Bank], as the trustee of the trust containing Plaintiff's loan, is in privity with GMAC, the party to the prior action and servicer of Plaintiff's loan. Both GMAC and Defendant shared a concurrent interest in collecting the debt owed by Plaintiff and enforcing the same property right, which was secured by the Property."); *Wallace v. JP Morgan Chase Bank, N.A.*, No. 13-13862, 2014 WL 4772029, at *4–5 (E.D. Mich. Sept. 24, 2014). Because SPS services the Loan on behalf of Deutsche Bank, the investor of the Loan and holder of the Security Deed, Deutsche Bank is in privity with SPS. Thus, the third element of res judicata is satisfied as well.

Finally, the causes of action in the Prior Federal Action and this action are the same. The central premise of each is that the Ravens Run Property was

transferred to Chase pursuant to the Settlement Agreement and that SPS (on behalf of Deutsche Bank) is not entitled to foreclose on the Ravens Run Property. Notably, the individual causes of action that Plaintiff asserts in each are also virtually identical. Plaintiff's claims therefore are all based on the same factual predicate and were or could have been asserted in the Prior Federal Action. As a result, Plaintiff's Complaint is barred under the doctrine of res judicata.

2.  *Plaintiff's Claims Are Barred under the Doctrine of Collateral Estoppel*

Plaintiff's claims in this action are also independently precluded under the doctrine of collateral estoppel, or issue preclusion. Collateral estoppel applies if

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation [was] 'a critical and necessary part' of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted . . . had a full and fair opportunity to litigate the issue in the prior proceedings.

*Christo v. Padgett*, 223 F.3d 1324, 1339 (11th Cir. 2000) (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998)).

There is no question that Plaintiff's claims in this action are premised on the very same issues that were litigated and determined in the Prior Federal Action and that Plaintiff had a full and fair opportunity to litigate these issues in the Prior Federal Action. Specifically, Plaintiff's claims in the Prior Federal Action were all

11

premised on the contention that the Ravens Run Property was transferred to Chase pursuant to the Settlement Agreement and that SPS (on behalf of Deutsche Bank) was not entitled to foreclose on the Property.   Because this Court specifically rejected these central theories in Plaintiff's Prior Federal Action, he cannot re-litigate them in this action.  Plaintiff's claims should therefore be dismissed for this reason as well.

**B.     Plaintiff Fails to State a Claim upon Which Relief Can Be Granted**

*1.     Legal Standard*

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   When considering a motion to dismiss, a court must accept a plaintiff's factual "allegations as true and contru[e] them in the light most favorable to the plaintiff." *Griffin v. Focus Brands, Inc.*, No. 15-12137, 2015 WL 9487801, at *2 (11th Cir. Dec. 30, 2015).   However, this tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.   A complaint "that offers labels and conclusions or a formulaic recitation of the elements of a

12

cause of action [therefore] will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (internal citations omitted).  Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has . . . not 'show[n] [ ] that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)).  Accordingly, a claim may proceed only where a plaintiff pleads "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added).

Pro se plaintiffs are not excused from these pleading requirements.  *See, e.g., Carvel v. Godley*, 404 F. App'x 359, 361–62 (11th Cir. 2010) (affirming dismissal of *pro se* plaintiff's complaint for failure to state claim); *Lampkin–Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (same).  While courts can hold *pro se* pleadings to a less stringent standard, "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings." *Id.*  "[*Pro se*] filings must still comply with the rules of civil procedure." *Carvel*, 404 F. App'x at 361 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### 2.    *Plaintiff Fails to State a Claim for under the FDCPA*

Plaintiff's bald contention that Defendants violated the FDCPA fails to state a claim for relief.[5]  To state a claim under the FDCPA, a plaintiff must allege that: "(1) the plaintiff has been the objection of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act of omission prohibited by the FDCPA." *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1347 (N.D. Ga. 2013) (internal quotation marks omitted).

As a threshold matter, Plaintiff fails to allege that Defendants are "debt collectors" under the FDCPA.   Despite conclusorily asserting that all of the defendants "are debt collectors within the meaning of the FDCPA" (Compl. ¶ 27), Plaintiff fails to allege any facts to support this contention.  Plaintiff's unadorned contention is insufficient to sustain a claim for relief.  *See, e.g., Tonea v. Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1346 (N.D. Ga. 2014) ("Plaintiff does not allege any facts showing that Defendant attempted to collect a debt under the Act.  Nor does he allege any facts showing how Defendant meets the statutory definition of a

---

[5]    Plaintiff also makes reference to the Federal Trade Commission Act ("FTC Act") in his FDCPA claim.  However, there is no private right of action under the FTC Act.  *Days Inn of Am. Franchising, Inc. v. Windham*,  699 F. Supp. 1581, 1582  (N.D. Ga. 1988) (citing *Jeter v. Credit Bureau, Inc.*, 760 1168, 1174 n.5 (11th Cir. 1985)).

'debt collector.'").  Moreover, it is well established that "[t]he term debt collector under the FDCPA does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Tonea*, 6 F. Supp. 3d at 1346; *accord Fenello v. Bank of Am., N.A.*, 926 F. Supp. 2d 1342, 1350 (N.D. Ga. 2013).   Because Plaintiff acknowledges that SPS is the servicer of the Loan and has not alleged any facts to show that it or Deutsche Bank are debt collectors under the FDCPA, his FDCPA claim fails as a matter of law.

Further, Plaintiff does not allege that Defendants engaged in any conduct that violates the FDCPA.   Indeed, Plaintiff makes no factual allegations whatsoever as to Deutsche Bank; and his only allegation against SPS is that it "threatened to foreclose the security deed when the parties lacked legal standing to foreclose." (Compl. ¶ 31.)  Plaintiff fails to identify any basis, however, for his contention that SPS is not entitled to foreclose.  Moreover, there is no question that SPS, as the servicer of the Loan on behalf of Deutsche Bank, the holder of the Security Deed, is entitled to foreclose on the Ravens Run Property pursuant to the power of sale in the Security Deed. *See Clark v. PNC Bank, N.A.*, 2014 WL 359932, at *4 (N.D. Ga. Feb. 3, 2014) (citing *You v. JPMorgan Chase Bank*, 293 Ga. 67, 743 S.E.2d 428, 433 (Ga. 2013)) (rejecting argument that defendant lacked

standing to foreclosure because it was "merely the servicer"). In fact, the Settlement Agreement expressly provided as such, as it provided that Chase, as servicer for Deutsche Bank (and any and all successors and assigns) were entitled to foreclose on the Ravens Run Property without any interference from Plaintiff. Plaintiff simply does not identify any factual basis for concluding that Defendants violated any provision of the FDCPA—or even identify any provision that they allegedly violated. His FDCPA claim therefore fails as a matter of law.

   3.   *Plaintiff's Quiet Title Claim Fails Because He Cannot Claim Clear Title to the Property*

Despite claiming that he transferred the Ravens Run Property to Chase pursuant to the Settlement Agreement, Plaintiff contradictorily seeks to quiet title to it and to obtain fee simple absolute title free and clear of Defendants' Security Deed. Plaintiff is not entitled to any such relief since he admittedly conveyed the Security Deed as security for the Loan and has not satisfied the Loan—and, even under his theory, he is not the rightful owner of the Ravens Run Property.

To assert a quiet title claim, a plaintiff must allege that he "holds some current record title" to the property. *Cunningham v. Gage*, 301 Ga. App. 306, 308, 686 S.E.2d 800 (Ga. Ct. App. 2009) (internal quotation marks and citations omitted) (emphasis omitted); *accord Dykes Paving & Construction Co. v. Hawk's Landing Homeowners Ass'n, Inc.*, 282 Ga. 305, 305, 647 S.E.2d 579 (Ga. 2007)

(citing O.C.G.A. § 23-3-61). However, by executing a security deed, a borrower transfers title from himself to the lender or its nominee and their successors and assigns. *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2000). The grantee of the security deed maintains the equity of redemption and right of possession for the property, but only recovers title when he satisfies the underlying debt in full. *Id.* (citing O.C.G.A. § 44-14-60). Thus, where a loan secured by an existing security deed has not been satisfied, a plaintiff does *not* have legal title to the Property and *cannot* assert a quiet title claim. *See Shannon v. Albertelli Firm, P.C.*, 610 F. App'x 866, 874 (11th Cir. 2015) (affirming dismissal of quiet title claim on this basis); *Bragg v. Bank of Am., N.A.*, No. 1:14-cv-564-WSD, 2014 WL 2154190, at *3 (N.D. Ga. May 21, 2014) (dismissing quiet title claim on this basis). Moreover, to assert a quiet title claim, a plaintiff must identify an adverse interest in the property that constitutes a cloud upon his title. *See* O.C.G.A. § 23-3-42; *id.* § 23-3-61.

Notwithstanding these clear rules, Plaintiff asserts that he is able to state a claim for quiet title pursuant to the Court of Appeals's recent decision in *Johnson v. Bank of America, N.A.*, 333 Ga. App. 539 (2015). Contrary to Plaintiff's suggestion, *Johnson* is entirely inapposite. The plaintiff in *Johnson* alleged that he had fee simple title to the subject property and that, although there was at some

17

point a recorded security interest in the property, the security deed has been *relinquished*. *Id.* at 539, 541. Despite the alleged relinquishment of the security deed, two apparently conflicting assignments of the security deed were subsequently recorded in favor of other entities. *Id.* at 539. The plaintiff filed a quiet title action to remove the allegedly relinquished security deed and its assignments from his title; and the Court of Appeals held that his complaint was sufficient to state a claim for relief, finding that the general rule that a non-party to an assignment lacks standing to challenge its validity did not preclude the plaintiff from asserting a quiet title claim because "[a] plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds." *Id.* at 542–43. In doing so, however, the court acknowledged that a plaintiff must allege that he "holds current title" to the property to state a claim for relief. *Id.* at 541.

Here, Plaintiff admits that he gave the Security Deed as security for the Loan and does not allege that the Loan has been paid off or otherwise satisfied. He thus fails to allege that he holds legal title to the Ravens Run Property as necessary to assert a quiet title claim. Indeed, Plaintiff's only basis for his quiet title claim is his unsupported contention that the Assignment of the Security Deed to Deutsche Bank is "false, fraudulent and fabricated." (Compl. ¶ 52.) This bald contention

fails for two reasons.  First, it is well settled that a plaintiff who is not a party to an assignment of a security deed lacks standing to challenge the assignment. *Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346 (Ga. Ct. App. 2013); *accord Stabb v. GMAC Mortg., LLC*, 579 F. App'x 706, 709 (11th Cir. 2014) (applying Georgia law); *Stoudemire v. HSBC Bank USA*, 333 Ga. App. 374, 374, 776 S.E.2d 483 (Ga. Ct. App. 2015); *Jurden v. HSBC Mortg. Corp.*, 330 Ga. App. 179, 180, 765 S.E.2d 440 (Ga. Ct. App. 2014).  While the court in *Johnson* held that this rule did not bar the plaintiff from asserting a quiet title claim to clear *both* an allegedly relinquished security deed and its assignments from his title, 333 Ga. App. at 542, *Johnson* is not applicable when a plaintiff merely seeks to challenge an assignment of a valid security deed, as Plaintiff does here.  Second, Plaintiff fails to allege any basis for his contention that the Assignment is invalid.  Moreover, Plaintiff's contention that the Assignment is somehow invalid does not call into question the validity of the Security Deed itself and is insufficient to overcome the fact that he has not allege that he holds legal title to the Ravens Run Property.  Accordingly, Plaintiff's quiet title claim should be dismissed.

### 4.    *Plaintiff Fails to State a Claim for Fraud Based on His Bald Contention that the Assignment of the Security Deed Is Invalid*

Plaintiff also attempts to assert a fraud claim based on his flat contention that the Assignment of the Security Deed to Deutsche Bank is somehow invalid.

Plaintiff's threadbare contention is insufficient to fulfill Rule 9's particularity requirement and cannot sustain a fraud claim against Defendants.

a. <u>Plaintiff Fails to Plead His Fraud Claim with the Requisite Particularity</u>

Rule 9(b) requires fraud to be pled with particularity.  Fed. R. Civ. P. 9(b).  To satisfy this requirement, a plaintiff must allege:

> 1) precisely what statements were made in what documents or oral representations or what omissions were made, . . . 2) the time and place of each such statement and the person 'responsible for making (or, in the case of omissions, not making) same', . . . 3) the content of such statements and the manner in which they misled [the plaintiff], and 4) what [the defendant] obtained as a consequence of the fraud.

*Am. Gen. Life & Accident Ins. Co. v. Ward*, 530 F. Supp. 2d 1306, 1309–10 (N.D. Ga. 2008).  The particularity requirement is important to "alert[] defendants to the precise misconduct with which they are charged and protect[] defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Digiovanni v. St. Joseph's/Candler Health Sys., Inc.*, No. CV404-190, 2008 WL 395012, at *2 (S.D. Ga. Feb. 8, 2008) (internal quotation marks omitted).  The pleading burden imposed by Rule 9(b) is a substantial one.  Even where an allegation of fraud is clear "from reading the complaint as a whole," the claim may be dismissed if it does not "state with particularity the specific situation involved,

*i.e.*, who, what, when, where, [and] how." *See Mathis v. Velsicol Chem. Corp.*, 786 F. Supp. 971, 976–77 (N.D. Ga. 1991).

Here, Plaintiff entirely fails to satisfy Rule 9(b)'s particularity requirement. Rather than stating a single factual allegation, Plaintiff merely contends in a conclusory manner that an unspecified "Defendant has defrauded Plaintiff by making several false misrepresentations of material." (Comp. ¶ 59.) Plaintiff, however, does not identify any such statements—let alone the time, place, content, or result of such statements. Indeed, Plaintiff's only reference to SPS is a general assertion that it and the other defendants "violated the law and committed fraud by continuing to collect a debt for Defendant Deutsche Bank when they knew, or should have known, the [sic] it was not valid." (Compl. ¶ 60.) His allegations against Deutsche Bank are no more specific. Rather, Plaintiff generically asserts that "Deutsche Bank . . . continued to represent that it has a valid interest in the original Security Deed when it did not." (Compl. ¶ 60.) Because these vague assertions, which are not accompanied by any details as to the time, content, or means of the alleged statements, are wholly inadequate to fulfill Rule 9's particularity requirement, Plaintiff's fraud claims should be dismissed.

b.    Plaintiff cannot state a claim for fraud

Notwithstanding Plaintiff's failure to plead his fraud claims with even a modicum of particularity, Plaintiff simply cannot state the elements of a fraud claim.  To state a fraud claim, a plaintiff must allege: "(1) a false representation or omission of a material fact; (2) scienter; (3) intention to induce the party claiming fraud to act or refrain from acting; (4) justifiable reliance; and (5) damages." *Collins v. Regions Bank*, 282 Ga. App. 725, 727, 639 S.E.2d 626 (Ga. Ct. App. 2006).

Here, Plaintiff cannot satisfy any of these elements.  Most notably, he cannot allege a misrepresentation or actionable failure to disclose a material fact, justifiable reliance, or damages.  Plaintiff's only basis for claiming that Defendants made a misrepresentation to him is that Deutsche Bank's interest in the Security Deed is purportedly invalid.  However, Deutsche Bank is the record holder of the Security Deed; and Plaintiff has failed to identify any reason why its clear interest is invalid.  Thus, Plaintiff cannot establish that any Defendant made any misrepresentation to him.  Plaintiff also fails to explain how he justifiably relied on any alleged misrepresentation to his detriment.  Though he contends generally that Defendants attempted to collect a debt for Deutsche Bank that was not valid, he fails to allege that he made any Loan payments to any Defendant that was not

owed—or any payment at all.   Plaintiff's fraud claims should therefore be dismissed.

### 5.   *Plaintiff Fails to State a Claim to Set Aside and Vacate Foreclosure of the Ravens Run Property*

Plaintiff also seeks to vacate and set aside what he contends is a "fraudulent non[-]judicial foreclosure" of the Ravens Run Property.   Plaintiff is not entitled to any such relief since he fails to allege that any wrongful foreclosure occurred.

As a threshold matter, a plaintiff cannot establish a claim for wrongful foreclosure when no foreclosure of the property has been completed.  *Thomas v. Bank of Am., N.A.*, 557 F. App'x 873, 876–77 (11th Cir. 2014); *Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 971–72 (11th Cir. 2012); *Smith-Tyler v. Bank of Am., N.A.*, 992 F. Supp. 2d 1277, 1281 (N.D. Ga. 2014); *Sheely v. Bank of Am., N.A.*, 36 F. Supp. 3d 1364, 1376 (N.D. Ga. 2014).  Although Plaintiff indicates that a foreclosure sale of the Ravens Run Property was initiated, there is no indication that a foreclosure actually occurred.  This independently precludes Plaintiff from asserting a wrongful foreclosure claim.

Further, to state a claim for wrongful foreclosure under Georgia law, a plaintiff must allege "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of the duty and the injury it sustained, and damages."  *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App.

744, 747–48, 647 S.E.2d 289 (Ga. Ct. App. 2007) (quoting *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842 (Ga. Ct. App. 2004)).   Moreover, "a violation of the [foreclosure] statute[s] is necessary to constitute a wrongful foreclosure." *McCarters v. Bankers Trust Co.*, 247 Ga. App. 129, 132, 543 S.E.2d 755 (Ga. Ct. App. 2000) (citing O.C.G.A. §§ 23-3-114, 44-14-160 et seq.).

Plaintiff fails to allege any of these requirements.  In fact, the entire basis for his claim is that the Assignment of the Security Deed to Deutsche Bank was somehow "fraudulent" or "fabricated," rendering foreclosure of the Ravens Run Property invalid.  As discussed *supra* Part II.B.3, however, Plaintiff lacks standing to challenge the Assignment and has not asserted any basis for contesting its validity.  As the record holder of the Security Deed, any foreclosure of the Ravens Run Property by Deutsche Bank is unquestionably valid—particularly given Plaintiff's express agreement that it was entitled to foreclose.  *See You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (Ga. 2013) ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed . . . .").  Plaintiff's claim should therefore be dismissed.

## III.   **CONCLUSION**

Accordingly, for the foregoing reasons, Defendants respectfully request that

the Court dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted, this 20th day of January 2016.

**WARGO & FRENCH, LLP**

*/s/ Dustin S. Sharpes*
DAVID M. PERNINI
Georgia Bar No. 572399
dpernini@wargofrench.com
DUSTIN S. SHARPES
Georgia Bar No. 522995
dsharpes@wargofrench.com
999 Peachtree Street, N.E.
26th Floor
Atlanta, Georgia 30309
(404) 853-1500 (telephone)
(404) 853-1501 (facsimile)

*Counsel for Defendants*
*JPMorgan Chase Bank, N.A., Select*
*Portfolio Servicing, Inc., Deutsche Bank*
*National Trust Company, as Trustee for*
*Long Beach Mortgage Loan Trust 2005-*
*WL3, and Wargo & French, LLP*

## RULE 7.1(D) CERTIFICATE

The undersigned counsel certifies that this document has been prepared with

Times New Roman 14-point font in accordance with Local Rule 5.1.C.

*/s/ Dustin S. Sharpes*
DUSTIN S. SHARPES

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2016, I electronically filed the foregoing **DEFENDANTS SELECT PORTFOLIO SERVICING, INC. AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, and that I have mailed the document by U.S. Mail to:

Ali S. Muhammad
P.O. Box 92597
Atlanta, Georgia 30314

*/s/ Dustin S. Sharpes*
DUSTIN S. SHARPES