IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALI S. MUHAMMAD,<br><br>    Plaintiff,<br><br>v.<br><br>JP MORGAN CHASE BANK, USA; WARGO FRENCH, LLP; RUBIN LUBLIN, LLC; SELECT PORTFOLIO SERVICING, INC.; and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE, IN TRUST FOR THE REGISTERED HOLDERS OF LONG BEACH MORTGAGE LOAN TRUST 2005-WL3 ASSET-BACKED CERTIFICATES SERIES 2005-WL3,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:15-cv-04479-AT-WEJ |

### RUBIN LUBLIN, LLC'S REPLY TO
### PLAINTIFF'S RESPONSE TO ITS MOTION TO DISMISS
### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Rubin Lublin, LLC ("Rubin Lublin"), a named Defendant in the above-styled civil action, and hereby files this Reply to Plaintiff's Response to its Motion to Dismiss the Amended Complaint [Doc. 23], respectfully showing this Honorable Court as follows:

1

## ARGUMENT AND CITATION OF AUTHORITY

A.  **THIS ACTION IS BARRED BY RES JUDICATA**

The resolution of Rubin Lublin's Motion to Dismiss [Doc. 17] is quite simple, as this action is undoubtedly barred by the doctrine of res judicata, as this case is a relitigation of *Muhammad v. Dimon*, No. 1:15-cv-00107-AT, (N.D. Ga. July 30, 2015) ("*Muhammad* I"). In fact, the Plaintiff even admits this, stating that he will keep fighting the same fight because "it takes persistence and many trials to obtain justice." [Doc. 23], p. 5. Unfortunately for the Plaintiff, this is not how civil litigation works.

Despite admitting that this action is barred by res judicata, the Plaintiff believes that he can circumvent the doctrine because "fraud is an exception to the Res Judicata doctrine and Defendant Rubin Lublin, LLC cannot shield itself from liability using a fraudulent document." *Id.* at p. 9. This is simply incorrect. Asserting a claim of fraud in a subsequent action does not take a matter outside of the doctrine. Instead, the exception (if it even exists) relates to a "judgment which is alleged to have been procured through fraud, deception, accident, or mistake." *Resolute Ins. Co. v. State of N.C.*, 397 F.2d 586, 588, 589 (4th Cir. 1968). Moreover, as the Plaintiff freely admitted, the exception "is applied unevenly, if at all, by the various state and federal courts." [Doc. 23], p. 9; *see also Lee v. JP*

2

*Morgan Chase Bank, N.A.*, No. 215CV04061CASGJSX, 2015 WL 5554006, at *5 (C.D. Cal. Sept. 21, 2015) (finding that neither the Ninth Circuit nor California state courts have recognized an exception).

Here, the Plaintiff has not alleged that the judgment in his prior case was obtained by fraud. Moreover, there are no known decisions from the Eleventh Circuit that recognize such a fraud-based exception. There is nothing before this Court that would nullify the preclusive effect of the judgment in *Muhammad* I, and this Court should dismiss this case as being barred by res judicata.

**B.   THE PLAINTIFF LACKS STANDING TO CHALLENGE THE ASSIGNMENT OF THE SECURITY DEED**

Before addressing any further arguments raised by the Plaintiff, it must be noted that, since Rubin Lublin filed its Motion to Dismiss, the Georgia Supreme Court conclusively decided that borrowers, like the Plaintiff, lack standing to challenge the validity of an assignment of their security deed. *See Ames v. JP Morgan Chase Bank, N.A.*, ___ S.E.2d ____, No S15G1007, 2016 WL 854582 (Ga. March 7, 2015). Much of the Plaintiff's argument rests on his repeated assertion that Deutsche Bank has no standing to foreclose because of a purported "series of false, fraudulent and fabricated assignments of security deed which documents are fabricated . . . ." [Doc. 15], ¶ 38.

3

In *Ames*, the Georgia Supreme Court held that a borrower "cannot . . . dispute the assignment; that may normally be done only by the assignor, because the debtor is not a third-party beneficiary of the assignment *as a whole* and particularly is not intended to directly benefit from the transfer of the power of sale." 2016 WL 854582, at *5. Accordingly, *Ames* conclusively bars all of the Plaintiff's arguments premised on a allegedly "false, fraudulent and fabricated assignments" and all claims premised on such an allegation must be dismissed.

### C. THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FDCPA

Rubin Lublin moved to dismiss the Plaintiff's claim under the Fair Debt Collection Practices Act ("FDCPA") because, among other reasons, the Plaintiff failed to properly allege that Rubin Lublin qualifies as a "debt collector" under the Act. *See* [Doc. 17-1], pp. 11-13. In response, the Plaintiff argued that Rubin Lublin is a debt collector because the Eleventh Circuit said so in *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238 (11th Cir. 2012). *See* [Doc. 23], pp. 13-14. This is simply not true, and the Plaintiff was told so in *Muhammad* I, when he made exactly the same argument. *See Muhammad* I, [Doc. 29], pp. 5, 8.

In response to this argument in *Muhammad* I, Magistrate Judge Scofield found that "[c]ontrary to Plaintiff's assertions, however, *Bourff* did not address whether the complaint in that case contained sufficient allegations to show Rubin

4

Lublin to be a 'debt collector.' Even if this issue had been addressed by the Court in *Bourff*, such finding would have no bearing on whether Plaintiff's complaint in *this* case contains sufficient facts to show that Rubin Lublin meets the statutory definition of 'debt collector.'" *Muhammad* I, [Doc. 62], p. 11. This Court should echo the conclusion of Magistrate Judge Scofield, and find that the Plaintiff's arguments concerning *Bourff* are meritless. The FDCPA claim should be dismissed.

### D.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FTC ACT

Next, Rubin Lublin pointed out in its Motion to Dismiss that there is no private right of action for an individual under the FTC Act. *See* [Doc. 17-1], p. 16. Nonetheless, in his Response, the Plaintiff attempts to allege that "the false, forged, fraudulent and fabricated use of documents in the course of business" is "prohibited by the FTC Act." *See* [Doc. 23], p. 15. Aside from the fact that the Plaintiff has no standing to challenge the Assignment, as previously addressed in Section B, *supra*, he simply cannot bring a claim under FTC Act, because there is no cause of action for him to do so. *See Days Inn of Am. Franchising, Inc. v. Windham*, 699 F. Supp. 1581, 1582-83 (N.D. Ga. 1988). Accordingly, the Plaintiff's claim under the FTC Act must be dismissed.

### E. THE PLAINTIFF HAS FAILED TO STATE A CLAIM TO QUIET TITLE

With respect to his quiet title claim, the Plaintiff's Response quotes several pages of the opinion by the Georgia Court of Appeals in *Johnson v. Bank of Am., N.A.*, 773 S.E.2d 810, 813 (Ga. Ct. App. 2015), *reconsideration denied* (July 29, 2015), in support of his assertion that "Plaintiff has stated a claim for Quiet Title in his First Amended Complaint." *See* [Doc. 23], p. 19. However, *Johnson* was essentially overruled by *Ames*.

In *Johnson*, the Georgia Court of Appeals held that "[a] plaintiff in a quiet title action need not be a party to possible clouds upon title in order to bring a quiet title action in an attempt to remove those clouds," and "[t]hus, the fact that Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title." *Johnson*, 773 S.E.2d at 813. In *Ames*, however, the Georgia Supreme Court held that a borrower in a quiet title action does *not* have standing to challenge an assignment. *See* 2016 WL 854582, at *4 n.4 (noting that the plaintiffs brought a claim to quiet title).

In a footnote in *Ames*, the Court left *Johnson* intact only "where a plaintiff property owner alleges that she is no longer a debtor because the security deed has been cancelled, so legal title has reverted to the property owner and no one – not the original deed holder or any purported assignee – would have the power of

sale." *Id.* at \*6 n.6. That is not the situation here, and thus the Plaintiff's quiet title claim fails as a matter of law.

More importantly, however, is the fact that Rubin Lublin stated in its Motion to Dismiss that "the Plaintiff does not allege that Rubin Lublin has a potential adverse claim against the Property, nor does Rubin Lublin claim any interest in the Property." *See* [Doc. 17-1], pp. 16-17. Thus, even if the Plaintiff were able to assert a quiet title action based upon the Assignment, Rubin Lublin simply is not a party against whom a quiet title claim can be asserted. Therefore, the Plaintiff has failed to state a claim to quiet title.

**F.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM FOR FRAUD**

In response to Rubin Lublin's arguments seeking dismissal of the Plaintiff's fraud claim, the Plaintiff responded simply with a blanket assertion, without any authority, that he pleaded the claim with the requisite particularity and that *Johnson* allows him to bring this claim based on allegedly fraudulent assignments of his Security Deed. This argument deserves little in reply, save for noting again that the Plaintiff lacks standing to challenge the validity of an assignment to which he is not a party. The fraud claim fails, and should be dismissed.

### G. THE PLAINTIFF HAS FAILED TO STATE A CLAIM TO SET ASIDE THE FORECLOSURE SALE

Next, the Plaintiff attempts to defend his claim to set aside the foreclosure sale (which has not yet occurred) by discussing wrongful foreclosure and attempted wrongful foreclosure – claims that were not raised in his Amended Complaint. "A plaintiff may not raise new claims in response to a motion to dismiss without seeking leave to file an amended complaint." *Beavers v. City of Atlanta, Ga.*, No. 1:13-CV-3487-AJB, 2015 WL 1509485, at *8 (N.D. Ga. March 31, 2015) (collecting cases). Accordingly, this Court should not consider the Plaintiff's arguments concerning these new claims.

However, even if the Plaintiff had properly raised a claim of wrongful foreclosure or wrongful attempted foreclosure, they fail. First, Georgia case law is clear that wrongful foreclosure cannot be asserted unless a foreclosure sale has actually occurred. *Essien v. CitiMortgage, Inc.*, 781 S.E.2d 599, 601 (Ga. Ct. App. 2016). Since no sale has taken place here, such a claim is premature. Second, the Plaintiff cannot satisfy the requirements for stating a claim of wrongful attempted foreclosure. Such a claim "require[s] a knowing and intentional publication of untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." *Aetna Fin. Co. v. Culpepper*, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984) (citations omitted). If a

borrower is in default, this will generally make any untrue statement about their financial condition impossible. *See, e.g., Phillips v. Ocwen Loan Servicing, LLC*, 92 F. Supp. 3d 1255, 1264 (N.D. Ga. 2015).

Here, the Plaintiff has not even attempted to argue that there was an untrue statement published about his financial condition. Instead, he is basing his "claim" on the allegedly fraudulent assignment. However, as has been discussed previously in this brief, the Plaintiff lacks standing to challenge any assignment. Accordingly, a claim of wrongful attempted foreclosure fails as a matter of law.

### H.   THE PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FBPA

Lastly, the Plaintiff states in his Response that "there can be no doubt that Defendant Rubin Lublin LLC has violated the Georgia Fair Business Practices Act ("FBPA") with its unfair and deceptive acts and practices." *See* [Doc. 23], p. 23. However, the Plaintiff made no attempt in his Response to address Rubin Lublin's argument that the FBPA does not apply to the actions complained of in this case. *See* [Doc. 17-1], pp. 20-21 (citing *Stewart v. SunTrust Mortg., Inc.*, 770 S.E.2d 892, 897-88 (Ga. Ct. App. 2015)). Because *Stewart* bars the Plaintiff's FBPA claim, it should be dismissed.

## CONCLUSION

Based on the foregoing, Rubin Lublin respectfully renews its request that this Court grant its Motion to Dismiss.

Respectfully submitted this 23rd day of March, 2016.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)
**RUBIN LUBLIN, LLC**
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092
(678) 281-2730 (Telephone)
(404) 921-9016 (Facsimile)
bchaness@rubinlublin.com

*Attorney for Rubin Lublin, LLC*

## **FONT CERTIFICATION**

The undersigned counsel for Rubin Lublin, LLC hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 23rd day of March, 2016.

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 23rd day of March, 2016, served all parties in this matter with the within and foregoing by CM/ECF (registered users only) and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Ali S. Muhammad
P.O. Box 92597
Atlanta, GA 30314

David M. Pernini
Dustin S. Sharpes
Wargo & French, LLP
999 Peachtree Street NE, 26th Floor
Atlanta, GA 30309

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar # 720572)